IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| VINCE WILLIAMS, | ) | No. C 04-3891 CW (PR) |
| | ) | |
| Plaintiff, | ) | |
| | ) | ORDER GRANTING LEAVE TO |
| v. | ) | PROCEED IN FORMA PAUPERIS, |
| | ) | DISMISSING ACTION AND |
| SAN FRANCISCO GENERAL | ) | TERMINATING ALL PENDING |
| HOSPITAL, ET AL., | ) | MOTIONS |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

BACKGROUND

Plaintiff Vince Williams filed this pro se action when he was incarcerated at the Santa Rita County Jail, apparently on charges of violating parole.  He is currently incarcerated at the California Medical Facility.  Upon initial review of the action, the Court found that it contained two separate pleadings:  a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, and a civil rights complaint pursuant to 42 U.S.C. § 1983.  In an Order dated April 27, 2005, the Court dismissed the habeas corpus

petition without prejudice for failure to exhaust state judicial remedies. The Court construed Plaintiff's civil rights complaint as alleging that the police officers who arrested him on May 20, 2004 used excessive force. However, the Court told Plaintiff that it would not proceed to review the merits of his complaint unless and until Plaintiff notified the Court of his intent to proceed with the prosecution of his civil rights action at a cost of $250.00.

On May 9, 2005, Plaintiff responded to the Court's Order and expressed his intent to prosecute the civil rights action.

In an Order dated July 5, 2006, the Court reviewed Plaintiff's original and subsequently filed first and second amended complaints. The Court summarized the allegations in his complaints as follows:

> In his original complaint, Plaintiff alleges that on May 20, 2004 unnamed plainclothes police officers who were following Plaintiff in his vehicle intentionally caused a collision between Plaintiff's vehicle and a United Parcel Service truck, resulting in physical injury to Plaintiff. Plaintiff further alleges that San Francisco police officers Nanice B. Guillory, badge number 1806, and Barretta, badge number 1651, passed by and saw what was occurring but apparently did not intervene in the situation.
>
> In his first amended complaint (FAC), Plaintiff maintains that private businesses, city agencies and supervisory officials engaged in a conspiracy to cover up the misconduct of Guillory, Barretta, and several other police officers. He states that during the course of investigations by his public defender the agencies and officials lied under oath, altered government documents, and filed false charges and reports. He also charges United Parcel Service with fraud for conspiring with police.
>
> In his second amended complaint (SAC), Plaintiff repeats the allegations from his FAC and charges the businesses, agencies and supervisory officials with

> obstructing justice in his criminal and civil proceedings.
>
> Plaintiff seeks damages and asks this Court to compel the State superior court to produce allegedly missing documents which Plaintiff filed in State court, and to allow him to proceed with his civil and criminal proceedings against the Defendants.

July 5, 2006 Order at 2. Citing Heck v. Humphrey, 512 U.S. 477, 486-487 (1994), the Court stated, "However, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a 42 U.S.C. § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." July 5, 2006 Order at 4. The Court determined that before Plaintiff could proceed with his excessive force claim, "he must tell the Court whether he suffered a criminal conviction and/or the revocation of his parole based on charges stemming from the events upon which his complaint is founded." Id. at 5. He was given thirty days to file an amended complaint.

On October 27, 2006, Plaintiff filed his amended complaint and a motion for leave to proceed in forma pauperis.[1] He repeats the allegations from his previously-filed complaints, specifically that

---

[1] Plaintiff's amended complaint was filed after the thirty-day deadline; therefore, the Court GRANTS Plaintiff an extension of time to file his amended complaint. The time in which Plaintiff may file an amended complaint will be extended nunc pro tunc to October 27, 2006, the date that his amended complaint was filed.

3

various state employees, private citizens, and private businesses engaged in a conspiracy that led to charges being filed against him stemming from his May 20, 2004 arrest, which resulted in his parole revocation on June 3, 2004. He claims that the charges stemming from his May 20, 2004 arrest were dropped "in the interest of justice on June 2, 2004." He attaches a document dated June 3, 2004, entitled "Summary of Revocation Decision: Hearing Waived/Screening Offer," which indicates that his parole was revoked and that he was returned to custody for nine months based on "good cause" findings related to the charges stemming from his May 20, 2004 arrest.

## DISCUSSION

"Heck applies to proceedings [that] call into question the fact or duration of parole." Jackson v. Vannoy, 49 F.3d 175, 177 (5th Cir.), cert. denied, 516 U.S. 851 (1995). A plaintiff in a § 1983 suit may not question the validity of the confinement resulting from a parole-revocation hearing if he does not allege that the parole board's decision has been reversed, expunged, set aside or called into question. See Littles v. Bd. of Pardons and Paroles Div., 68 F.3d 122, 123 (5th Cir. 1995); see also McGrew v. Texas Bd. of Pardons & Paroles, 47 F.3d 158, 161 (5th Cir. 1995) (Heck bars § 1983 action challenging revocation of supervised release).

When a state prisoner's section 1983 suit implicates the length of his or her incarceration, the complaint must be dismissed unless the plaintiff can demonstrate that the decision establishing the length of incarceration (here, the decision to revoke parole) has already been invalidated. Heck, 512 U.S. at 486-487. Here, a

4

judgment in favor of Plaintiff would implicate the revocation decision, which has not already been invalidated; therefore, his claims relating to the challenged revocation fail to state a cognizable claim under § 1983 and must be dismissed.[2]

Plaintiff's remaining claims involving purely private conduct by private citizens or businesses fail to satisfy the second element of a § 1983 claim because they allege no action taken under color of state law. See West v. Atkins, 487 U.S. 42, 49 (1988) (A person acts under color of state law if he "exercise[s] power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.") (citation and internal quotation marks omitted). Therefore, the Court finds that they do not meet the standards for cognizable claims under § 1983. See Gomez v. Toledo, 446 U.S. 635, 640 (1980) (a private individual does not act under color of state law, an essential element of a § 1983 action); see also Ouzts v. Maryland Nat'l Ins. Co., 505 F.2d 547, 559 (9th Cir. 1974) (purely private conduct, no matter how wrongful, is not covered under § 1983). Accordingly, all remaining claims involving purely private conduct by private citizens or businesses are DISMISSED with prejudice.

---

[2] To whatever extent Plaintiff seeks injunctive or other relief that would shorten his confinement, as opposed to an award of money damages, his sole remedy is to file a petition for writ of habeas corpus, Preiser v. Rodriquez, 411 U.S. 475, 500 (1973), after he exhausts state judicial remedies, Granberry v. Greer, 481 U.S. 129, 134 (1987). Any such claim is therefore dismissed without prejudice. See Trimble v. City of Santa Rosa, 49 F.3d 583, 586 (9th Cir. 1995).
   As mentioned earlier, Plaintiff previously filed a federal habeas case in this Court. It was dismissed without prejudice for failure to exhaust. He may not pursue a federal habeas until he has presented his claims to the highest state court available.

CONCLUSION

For the foregoing reasons, leave to proceed <u>in forma pauperis</u> is GRANTED.  Plaintiff's claims alleging that the police officers who arrested him on May 20, 2004 used excessive force and that various state employees, private citizens, and private businesses engaged in a conspiracy to convict him of a parole violation are DISMISSED.  The dismissal is without prejudice to Plaintiff bringing a new action raising these claims should he satisfy the <u>Heck</u> pleading requirements.  All remaining claims involving purely private conduct by private citizens or businesses are DISMISSED with prejudice.

The Clerk of the Court shall terminate all pending motions, enter judgment and close the file.

IT IS SO ORDERED.

DATED:    7/2/07

_____
CLAUDIA WILKEN
UNITED STATES DISTRICT JUDGE

6

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAMS,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>SAN FRANCISCO GENERAL HOSPITAL et al,<br><br>　　　　　Defendant.　　　　　　　　　／ | Case Number: CV04-03891 CW<br><br>**CERTIFICATE OF SERVICE** |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on July 2, 2007, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Vince Williams F-23355
CA Medical Facility
G-3-335
P.O. Box 2000
Vacaville, CA 95696-2000

Dated: July 2, 2007

　　　　　　　　　　　　　　　　　Richard W. Wieking, Clerk
　　　　　　　　　　　　　　　　　By: Sheilah Cahill, Deputy Clerk